86 F.3d 1178
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
INVACARE CORPORATION, Plaintiff-Appellee,
v.
ORTHO-KINETICS, INC., and Edward J. Gaffney, Defendants-Appellants.
 95-1428
 United States Court of Appeals, Federal Circuit.
 May 15, 1996.
 
 Before ARCHER, Chief Judge, RICH and MAYER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ortho-Kinetics, Inc., and Edward J. Gaffney appeal from a final judgment of the United States District Court for the Northern District of Ohio, granting Invacare Corporation's motion for summary judgment of noninfringement. Ortho-Kinetics, Inc. v. Invacare Corp., No. 89-0188 (N.D. Ohio June 6, 1995). We vacate and remand for further proceedings consistent with this opinion.
 
 
 2
 Invacare filed this action against Ortho-Kinetics and Edward Gaffney (collectively "Ortho-Kinetics") seeking a declaratory judgment of noninfringement and invalidity of Ortho-Kinetics' U.S. Patent No. 4,007,960 (the '960 patent) which claims a "Reclining Elevator Chair." Ortho-Kinetics counterclaimed, asserting that Invacare was infringing the '960 patent and that the infringement was willful. Claim 9 of the '960 patent, written in Jepson form, is representative of the claims at issue:
 
 
 3
 In a reclining chair having a frame, a back portion, a seat portion, recliner actuator means including means for swinging said back portion between an upright and a reclined position, the improvement comprising elevator means for raising said seat and also tilting said seat forwardly to assist exit from said chair, and poweractuated drive means common to both the recliner actuator means and the elevator means for sequentially actuating both the recliner actuator means and the elevator means and being operable sequentially in a first mode of operation to drive the recliner actuator means and operable in a second mode of operation to drive the elevator means, said power operated drive means comprising an extensible ram which extends in one range during said first mode of operation and in another range in said second mode of operation.
 
 
 4
 The only issue in dispute on appeal is the proper interpretation of the means-plus-function limitation "recliner actuator means including means for swinging said back portion between an upright and a reclined position" which is located in the preamble of the Jepson claim.[1] The district court first construed this claim limitation in an order dated August 2, 1991. In that order, the court concluded "that there is no evidence to indicate that ... claim 9 [of the '960 patent] should be limited to a lift chair in which the back moves relative to the seat."
 
 
 5
 On February 1, 1994, this case was transferred to another judge who issued an order on September 1, 1994, re-interpreting the disputed language. Citing In re Donaldson, 16 F.3d 1189, 29 USPQ2d 1845 (Fed.Cir.1994), and Valmont Industries, Inc. v. Reinke Manufacturing Co., 983 F.2d 1039, 25 USPQ2d 1451 (Fed.Cir.1993), which had issued after the original claim construction, the newly assigned judge concluded "that the means plus function language in claim 9, 'recliner actuator means including means for swinging back portion between an upright and a reclined position', when viewed in light of the structure disclosed in the specification, identifies and claims only a device in which the chair back moves relative to the chair seat." In light of that claim construction, the judge held that there was no literal infringement as a matter of law because "the structure of the Invacare chair is not identical to the structure identified in the specification of the '960 patent" and "Ortho has failed to identify any structure in the accused chair that is equivalent to the structure described in the specification for swinging the back between an upright and a recline position." On June 9, 1995, the judge reiterated this claim construction in a final order granting Invacare's motion for summary judgment of noninfringement, both literal and under the doctrine of equivalents, of all asserted claims of the '960 patent. This appeal followed.
 
 
 6
 Paragraph six of 35 U.S.C. § 112 (1994) permits an element of a claim for a combination to be expressed as a means for performing a specified function without recital of structure in support thereof. But to prevent a completely open-ended interpretation, a claim limitation written in means-plus-function language is construed to cover only corresponding structures disclosed in the specification and equivalents thereof. Valmont, 983 F.2d at 1042. To properly interpret the means-plus-function claim, the court must also take into account the claimed invention as a whole and the importance of the recited means to the invention as a whole.
 
 
 7
 In view of the structure disclosed in the specification, particularly that disclosed by the preferred embodiment in the drawings, the judge construed "recliner actuator means including means for swinging said back portion between an upright and a reclined position" to claim "only a device in which the chair back moves relative to the chair seat." This was error.
 
 
 8
 The explicit limitation in claim 9 requires that some form of actuator perform the function, possibly among other functions, of swinging the chair back between an upright and a reclined position. There is no further definition, either in the claim or in the remainder of the specification, that requires the actuator means to swing the chair back in relation to the seat. Although the chair back disclosed in the preferred embodiment does move with respect to the chair seat, that alone does not mean the claims are construed as limited to that particular functional relationship. The chair back in the preferred embodiment swings in relation to many of the other structural members of the chair and does not swing in relation to many other members. We see no reason why the swinging motion should be defined in relation to the chair seat. Viewing the means-plus-function limitation in light of the specification and the invention as a whole, that limited construction is not justified.
 
 
 9
 Restricting means-plus-function limitations to all exact and particular relationships between elements of the claimed combination that are set forth in the specification would nullify the clause in section 112 p 6 which allows the claimed means to include equivalents of the structure described in the specification. See D.M.I., Inc. v. Deere & Co., 755 F.2d 1570, 1574, 225 USPQ 236, 238 (Fed.Cir.1985)("The statute, § 112-6, was written precisely to avoid a holding that a means-plus-function limitation must be read as covering only the means disclosed in the specification."). Neither Valmont nor Donaldson requires such a result. Accordingly, we hold that the specification only limits the claim language in dispute to an actuator which swings the back, and possibly other cooperating functional members, of the chair during operation of the chair.
 
 COSTS
 
 10
 Appellants shall have their costs.
 
 
 
 [1]
 Ortho-Kinetics has stipulated that the construction of this language in claim 9 also applies to independent claims 1 and 7